The first case is Bonbeck Parker v. Travelers Indemnity, number 20-1192. Counsel, you may proceed. Ms. Sandberg? Thank you, Your Honor. May it please the court, Amy Sandberg with Clyde & Co. appearing today on behalf of the Travelers Indemnity Company of America. The primary issue on this appeal, whether appraisers are authorized to make determinations on the cause of loss in addition to the amount of loss, is an issue of first impression in Colorado, and this issue lies at the heart of the two district court orders and the judgment on appeal before you. It's Travelers' position that together the Colorado Rules of Contract Interpretation and Travelers' Seventh Amendment right to a jury trial leads to the conclusion that the appraisal provision only resolves the monetary valuation of claim damages and not the cause of those damages. Let me start first with the Rules of Contract Interpretation that mandate this result. These are not in dispute, and the two rules of interpretation that are most important here and do not appear to have been given consideration by the various Colorado courts that have considered this issue previously are that a court cannot rewrite the clear and unambiguous terms of a contract, and that consequential matters shouldn't be presumed. So the appraisal provision in the policy, just to review, says if the parties disagree on the value of the property, the amount of net income, or the amount of the loss, either of them may make a written demand for appraisal, and at which point the appraisers will then state separately the value of the property, the amount of net income, or the amount of the loss. Each of the issues to be addressed in the appraisal process under the policy's appraisal provision clearly state, relate to the determination of a monetary amount, and this is consistent with the definition of an appraiser, which means someone who estimates the value of something. Bondi argues that— Ms. Amber, could I just—this is more of a practical question, I think, and it has to do with whether—well, if an appraiser is supposed to determine the value of a covered loss, how is that going to happen without making a determination of the scope of the loss? I just don't see how an appraiser could do that without making that initial assessment of what the loss is. How do you put a value on something unless you give it some definition? Well, I think, Your Honor, and this case provides a good example of how that would work. There was no question that the roof of this property needed to be replaced. There was a dispute about what the cause of the damage to the roof was and whether it was covered by the policy or not. So the appraisers would go out, they would identify all of the damage that they see to the property, place a value on that, and then a jury would decide whether or not—what the cause of that damage was and whether or not it's covered under the policy. So as a practical matter, the appraisers shouldn't be making coverage determinations. They merely should be identifying and placing a value on the damage that's observed. So in this instance, there was plainly damage to the roof. There was also damage to HVAC units and other parts of the property that everybody agreed were damaged by hail. Well, that all may be, but the contract refers specifically to the amount of loss. That's what the appraisal clause says. So if the appraiser is supposed to determine the amount of loss, what you're saying is you go in and you say—the appraiser says, well, here's how much damage there was. But that's not the same thing as what the covered loss is. I agree with you, Your Honor. It isn't the same as what the covered loss is. But the appraisal clause says the appraiser is supposed to determine the amount of loss. So how can the appraiser do that without making a determination of what caused that loss? I just don't see, as a practical matter, how that can happen. You're saying the appraiser goes out, gets the whole damage, and then turns everything over to a fact finder in court. Is that how you read the contract? That's exactly how we read the contract, Your Honor. That the appraisers are to determine, according to the plain language of the policy, they Okay, so if we agree with you, if we agree with your interpretation, and the district court therefore erred, what actually happens next? Didn't travelers already pay the appraisal amount? Why are we having this debate if the payment was made? What are you seeking if you prevail on the first issue in this appeal? Well, if we—you know, what travelers are seeking, the principal relief is a determination that the policy's appraisal provision limits the authority of the appraisal panel to a determination of monetary valuation. Do you want your money back? Is that what you want? No, sir. We're not asking for— Then why do we have a case or controversy here? Well, we have a case or controversy here, Your Honor, because we believe that the appraisal provision—or the court ordered an appraisal to proceed with the instruction that it was to include causation. And we believe that that is an incorrect interpretation. In other words, travelers are requesting a finding— Well, Your Honor, counsel, I'm granting you that for purposes of my question, but what happens next if we agree with you? You've already paid the appraisal amount. I don't see where you're asking—what is your—you seem to want us to say something in the abstract about what this appraisal clause means, but what practical effect is that going to have for you, given you've already paid the amount? Are you asking for money back, or why—what do you want from the court? What we want from the court, Your Honor, is a reversal of the October 24, 2016, order and a request for appraisal directives, and also a reversal of those portions of the February 3, 2020, order and the April 23, 2020, judgment, finding the travelers breached the contract and awarding contract damages and interest. We are not requesting a return of the monies that were paid for the appraisal. So, if the court were to grant this—if the court were to reverse the October 24, 2016, order, the matter would then need to be remanded to the district court to enter judgment in favor of travelers on the breach of contract claim, and that would eliminate the damages that were awarded, the $1 nominal damages plus interest that were awarded to Bond Bank. And then it would have to proceed with either the option of conducting another appraisal with the appropriate standard applied, so either proceeding— Let me stop you there for a minute. Hold on a second. I mean, how's the court going to proceed with another appraisal? You've paid the appraisal. So, I mean, isn't the appraisal itself off the table? I mean, that's a—what you're asking about the appraisal at this point seems to me to be completely advisory, and maybe you have a contract issue still living out there someplace, but it seems like—and it—but it really seems like with that you're trying to, you know, backdoor your appraisal argument. I mean, how do we—if you've already paid it and there's no dispute existing anymore about the appraisal amount because you've paid it, how do we ever reach that? Well, Your Honor, what we are seeking is a determination that the order, the October 24, 2016 order from Judge Moore was an error, and that the order that told the appraisers that they could consider issues of causation should be reversed. Okay, so I got that, but I still don't know how we ever get there, how that's even an issue anymore because there's no relief other than advisory relief that you want. Well, thank you. Let me clarify that. So, based on that October 24, 2016 ruling, the court then ruled on February 3, 2020 that Travelers breached the contract when it refused to proceed to appraisal when demanded under the scope that the court ultimately ordered. So—and then also entered judgment against Travelers on that breach and awarded damages, nominal damages, plus interest due on the actual cash value of the appraisal award. So— Let me ask you this question. If all that had happened in this case, if there was no ruling that you'd breached, and all that had happened in this case was there was a ruling that you were wrong as to the appraisal and you paid the appraisal, you would agree with me in that Well, if I understand your question, Your Honor, if there had never been a judgment entered against Travelers on the breach of contract, there would be no judgment for Travelers to appeal. So, I think— Well, you lost on another part of your case, though. You lost on the—I mean, wasn't there some request for declaratory relief as to the language of the The October 24, 2016 order related to a declaratory judgment action that was filed by Travelers against Bonpack related to the scope of the appraisal provision. And that was—there were cross motions for summary judgment, and that was decided in favor of Bonpack and against Travelers. And that's one of the— Got it. —being appealed. All right, right, right. Okay, let me stop you there. My question is, just relating to the declaratory relief, I'm just trying to break it down to figure out how we ever get back to answer your question. Would you agree that if this was just a suit for declaratory relief and you lost and you paid the appraisal, that there's nothing left to talk about as far as the declaratory judgment action? I would disagree, Your Honor. Assuming that we had lost the declaratory relief and the amount had been paid, once the matter continued, there would be a judgment entered that would be appealable by Travelers as to the ruling of the court related to the scope of the appraisal provision. But that isn't what happened here. So we lost on the summary judgment. The matter proceeded to appraisal. The case then proceeded through litigation. And ultimately, two years later, there was a judgment entered against Travelers that all flowed from the fact that the court had initially found that causation could be considered as part of the appraisal provision. So what Travelers is seeking here, principally, is a reversal of the order that held that causation could be considered as part of the appraisal provision. And then the April, the February order and the April judgment all flow from that. I understand what you're seeking, which is essentially a reversal of the October 2016 order. And you're seeking that essentially on legal grounds, which is you want us to interpret the policy language in favor of Travelers. But assuming we do that, what is the result to you? I understand what you're saying about the breach of contract. And that then would also have to be reconsidered. But in the end, you've paid the damages. And you didn't reserve the right to seek reimbursement of those damages. So they're paid. It's done. How is this possibly going to have any monetary impact on Travelers? Well, the monetary impact, Your Honor, flows from the fact that the April 23rd judgment that was entered against Travelers on the breach of contract flowed from the fact of the initial October. I understand that. I understand that. But you paid it. You paid it. We paid, Your Honor, we paid the appraisal award. And we're not seeking reimbursement of the appraisal award. All of the cases relied on by Bond Act concerning waiver relate to situations where an insurer pays something and then seeks reimbursement. Travelers is not seeking reimbursement of the appraisal award. They are seeking a reversal of the breach of contract award and the interest that was paid flowing from that. Yes, and the interest. There was the $1 of nominal damages and interest on the delayed payment of the actual cash value of the appraisal award for independency of the declaratory judgment action to the time that the actual cash value amount was paid. So there was a monetary judgment that was paid by Travelers for which we do seek itself. Why would, you know, under Travelers interpretation, why would there be any incentive for the insured here to seek an appraisal? Well, I certainly can't speak for insured, Your Honor, but I understand what you're asking is that the idea behind the appraisal is to set the amount of loss and exactly what Travelers proposed here. Let me say it in a different way. If you're correct, and this is all about asking essentially for the appraiser to decide what each party essentially says the damages were, what the total damages could be, and then separate them out, but not determine causation, why would the insured have asked, won an appraisal here when no one disagreed about the amount of their respective damages, the respective damages they agreed about, they disagreed about causation? Well, I think in this instance, and I see that I'm over my time, but let me address your question, Your Honor. In this instance, there was disputes about everything. So Travelers agreed that there was damage to certain components of the building from hail, but there was disagreement even about the cost to repair those elements. Then there was a disagreement about whether the roof, which was the largest component of this two million of the two and a half million dollars that Von Beck was claiming, that Travelers believed wasn't covered at all because the cause of loss was something other than hail. The big issue was causation here. Correct. The issue you were disagreeing about was causation. Correct. So there was disagreement even about those components of the building that everybody agreed was damaged by hail, and then certainly there was disagreement about what it would and should cost to repair the roof if there was ultimately a finding that it was in fact caused by hail. So what Travelers had they price out everything they see there, and then the court or a jury, a trier of fact, would then determine was the roof, which was essentially the largest component, actually damaged by hail. The value of the components everybody agreed was damaged by hail would already have been set. So that issue was up. I understand. It seems like motive, the incentive, would have been far, far less for them to seek the appraisal. I see that I'm out of time, Your Honor. Thank you for the opportunity to present this to you. Thank you, counsel. We'll now hear from Larry Bache. Thank you, Your Honor. Larry Bache on behalf of the Appalachian-Von Beck LLC. May it please the You're 100% correct. If Travelers' meaning of the appraisal provision is adopted by this panel, there'd be no incentive for either party to ever participate in the appraisal process because litigation would be inevitable. The appraisal process is at the heart an alternative dispute resolution process. I want to echo Judge Babcock's conclusion. The purpose of appraisal is to provide a plain, speedy, inexpensive, and just determination of the extent of loss. Appraisal exists to avoid litigation and encourage settlement. Policyholders need this alternative dispute resolution process to work. Otherwise, after a loss, after something they're going through that's a financial hardship already, they're going to be dealing with arguments that the appraisal panel makes a decision on causation that the insurance company does not agree with. They will contest the award. To start, going back to the facts of this particular case, Travelers is asking this panel to find that the district court committed clear error in finding that they waived the right to even contest this award. Judge Mathison and Judge Carson, you're absolutely correct. The record is clear. Travelers waived any right to contest this coverage analysis. As Judge Moore and the underlying district court identified multiple times on the record, after the October 24, 2016, order that resolved the issue that causation would be included within the appraisal process, there was a scheduling order entered, which is page 1354. It was a November 29, 2017, scheduling order. In that order, it specifically stated that Travelers' claims were disposed of and they were moot as a result of the October 24, 2016, order. Again, on September 7, 2018, Travelers filed a motion to redesignate the parties, to switch Bombeck to the plaintiff and Travelers to defendant. Again, in that motion, it specifically stated that Travelers' claims were moot, that they were not challenging the appraisal award. Again, on July 10, 2019, page 2031 in the record, in a final pretrial order, there's nothing about cross-claims or Travelers proposing to challenge the appraisal award that they paid. Well, counsel, they couldn't challenge it at that point. It wasn't a final order. So, I don't understand how, at that point, they were waiving anything. You're talking about the October 2016 order. That was on summary judgment and it wasn't a final order. I don't understand how they could waive that. It was certainly moot at that point, which I think is what Travelers represented. It was moot at that point in the litigation, but they didn't ever say that they were waiving their ability to appeal once the judgment was final. I didn't ever see anything like that. Sure. I think going back to the practicality of what Ms. Sandberg is asking this court to do, which is essentially to reorder the appraisal process and then go to litigation over what was caused by the hailstorm and what was not caused by the hailstorm. Obviously, the way the claim would have been litigated would be a lot different than the way that it was after the representations were made by Travelers within these motions and orders. I think Judge Moore really hit on it in his April 23, 2020 final order, where he was very quote, Travelers pay the amount awarded through the appraisal process without protest, reservation, or any other limitation. I don't think it's reasonable for this court or for even Ms. Sandberg to suggest that the court completed clear error in reaching its conclusion in that order. Next, I want to counsel counsel. It seems to me the question of whether there's a live issue has now kind of veered off on two tracks. You've been making a procedural argument, and I think Judge Moritz has zeroed in on the fact that just because there was a decision in October, the October judgment doesn't mean that Travelers gave up an opportunity to bring on appeal. They just couldn't do it right then. It was an interlocutory order, and to the extent there was reference to any mootness, it may have been that there wasn't anything to talk about in district court at that point. But that really wasn't the line of questioning that was directed at Ms. Sandberg. What I think Judge Karsh and I were talking about is what's left to decide once Travelers made the appraisal payment. We weren't referring to the procedural points you were making. We were referring to the payment having been made. Now, are we missing something here? No, Your Honor. I appreciate the clarification. I think it is our position that based on the appraisal award, we had the same concerns that were expressed, and so I just wanted to identify my understanding of the record on that issue. All right. Now, before we leave that, however, as I understand Travelers' position, they're really raising two issues on appeal. The first one has to do with the scope of the appraisal clause, but the second has to do with the breach of contract decision, and they're trying to raise both. My understanding is that the breach of contract issue, they're tying that to the scope of the appraisal award. Even though they paid the award, the question of the scope is linked up with the breach of contract issue. Does that give us Article III jurisdiction to address both issues? I believe it does. I think the court should address the issue of causation into the appraisal context. I think the courts have made it very clear. Okay. Well, a couple of minutes ago, you were saying that it had been waived, but now you're saying it should be addressed. With your clarification, Your Honor, what I was highlighting was the fact that the waiver as to challenging the actual appraisal award on the causation issue, it'd be my position that there'd be a finding of fact that there was a waiver. As far as jurisdiction to issue on a rule of law onto causation as to distinguishing that from coverage or liability, that would be the next issue I would like to address with the court. Referring to this idea, and I think the it'd be impractical for causation not to be included. Judge Babcock, on numerous occasions, has really provided great analysis that has been adopted by the federal courts as well as the state Colorado courts on really an analysis as to why causation should be included. Specifically, it provides four reasons. One is the contract interpretation itself, the principles of causation. Judge Babcock relies on Black Laws Dictionary's definition of the term amount of loss. It defines the term as diminishing, destructing, of the value of, or of the charge upon the insured subject to the assured, and here's the key language, the causation language, by the direct consequence of the operation of the risk insured against. When you read the actual policy, that makes sense because the policy language supports this position on its face. It states if we and you disagree on the value of the property, the amount of net income, or the amount of loss. When you look at the policy, they have to mean two different things. The term amount of loss must mean something different than the value of the property, and I believe Judge Babcock is correct in that interpretation and Judge Moore's adoption of that. The second interpretation principle that was applied requires the consideration of the purpose behind the provision. The purpose is to resolve insurance claims. It has worked for over 150 years. This provision has been, it goes back to 1888 according to the Texas Supreme Court decision that we cite in our brief, Johnson v. State Farm of Lloyds. Again, the purpose is to avoid litigation and encourage settlement. Third, public policy for the same reason favors the view that causation is within the authority of the appraisers because it is an alternative dispute resolution process. Fourth, Judge Babcock noted the issue of liability, the issue of coverage is still reserved for the courts. One of the cases that some... Council, let me ask you a question. So, let's assume that travelers wanted to take the position in this case that there was damage, hail damage, that was covered to the HVAC units and various other things, but that the roof was just old and that the hail did not cause the leak and was therefore not covered, that they wanted to deny coverage because leaks caused by old roofs are not covered. Is it your position that they would have to live with what the appraisers said about that as to whether there was coverage for that roof or not when they have a competing reason to say there's no coverage? Because it seems to me that your causation argument takes away their ability to contest coverage in some instances. So, the distinction that I'd refer this court to is the Supreme Court case, Johnson versus Nationwide Mutual Insurance Company, and they addressed that issue. And essentially, the courts that have adopted this view have found that when there has been coverage that has been admitted or tendered by the carrier, that liability under the policy has been tendered, that the amount of loss, which would include both is hail damage caused to the roofing system, is there hail damage caused to HVAC units, that the parties, and including this provision, would have to live with the appraisal panel's decision. Otherwise, it would be inoperative. The effect would be a waste of time. If we took the opposite approach and went to appraisal and delineated what the appraisal panel that the insurance company says, and this is what Ms. Sandberg wants, she wants an award that says we agree that there's coverage to the HVAC units, but we do not agree that there's coverage to the roofing system. So, we're only going to go to appraisal on the HVAC units. Nobody would ever go to appraisal and no one would ever go to appraisal and no one would ever go to an appraisal. So, what you would have to do is look at the contract interpretation principle of the purpose behind the provision, along with the public policy principle that Judge Babcock and every single jurisdiction has agreed with, is to resolve claims. Those are question of fact. Does your position ultimately result in companies like Travelers? When your client makes a claim, Traveler sends an adjuster out and they see what they view as maybe a mixed causation issue, where some of it they think is not covered. Does your position push them into a place where they just deny coverage? Well, I want to point out this is not solely my position. This is an appraisal provision that's optional, that Travelers chose to include in the policy, Your Honor. If they do not want this provision in the policy, they do not have to include this provision. There are also other... Give me... So, let's talk about that. Also in that policy provision is an express reservation on their part that they can contest coverage. So, give me a factual scenario where your client demands an appraisal and Travelers can still deny coverage. Yes, Your Honor. So, the great example is also that Florida Supreme Court case where that was a sinkhole case that the policyholder felt that the damages were the result of sinkhole. The insurance company argued that the damages was a result of earth movement. Earth movement is an excluded peril under the policy. So, take away the holding, but using that factual scenario, if the insurance company says, we're denying your claim, there's no liability under this policy. And this is the there's no right to the appraisal process. However, if the appraisal provision is to give operative effect, once liability is established in the policy, then the parties, if there's a mandatory provision, like we have in this case, the parties must participate in the appraisal process. And any other interpretation in giving the term amount of loss true meaning would make the appraisal process useless and meaningless. Well, but applying it to this case, how would travelers give effect to the reservation of a right to deny the claim, which is in the policy? In other words, when would that, I mean, would that have to be exercised before the appraisal even happened? Could they exercise it after? Could they, can they exercise it after they've made this payment? It's in the policy, it must mean something. Yes, Your Honor. So I'll start with in the beginning, right? This has been working for 150 years. If travelers did not want to acquiescence to the panel and provide this option of causation, resolving the claim through the appraisal process, then they would not put that in the policy. That's the first time. The second time is if they, if they do not acknowledge any coverage for the covered peril, then they can deny the claim its entirety. The third time would be after the appraisal award, they reserve their right and there's a listing of different exclusions, but the common exclusions would be for things like fraud or misrepresentation, application issues, failure to cooperate, true coverage issues. But when it comes to resolving a dispute over the amount of loss that we all know can vary very much. I mean, the facts of this case, the initial adjuster identified only $3,100. Then you get the public adjuster who includes replacing the roofing systems at $2.4 million. Then you get the appraisal panel that identifies $305,000. And that's the intent behind the provision is to resolve the dispute. And if the provision's in the policy, then they have, then both parties, it's a contract that should not be rewritten. I'm over my time. I'm happy to address any additional. Can I just, do you agree with Ms. Sandberg that this is a, the scope of the appraisal clause is a issue of first impression in Colorado? It is in Colorado and the 10th circuit. Okay. That's my question. Why, why are we doing this here? Why shouldn't this be certified to the Colorado Supreme Court? Well, I believe that based on Judge Moore's, I would rely on Judge Moore's reasoning that this, it's a very high standard to go to the Colorado Supreme Court. And he felt that given the many What's your position? Should it go there or not? I think this is a very common issue when you practice this type of law, your honor, every single day. And that appraisal, this is not that complicated to us. This is a newer argument where insurance companies used to be the ones pushing for appraisal. And so for me, this is not the most difficult issue. I don't want to downplay how important it is, but there's plenty of, there is no reason that appraisal should be frustrated to where it's not going work for consumers and policyholders, federal counsel. I'm sorry, that that doesn't really answer judge Madison's question. I mean, we're the, we're the ones being asked to decide a matter of first impression that apparently has some significance in the commercial real estate industry. It sounds like this is not an unusual this language is not unusual and we can sue a uh, certify regardless of what judge, uh, more decided. And I guess I'd like you to answer why this isn't significant, a significant enough question. And we've got no case law and it appears that the case law early on was in travelers favor on this issue. And later on, it became more in favor and that's the out of state case law, sorry, non-presidential, but it does seem to have all the elements of a good case to certify. You know, I'm not going to pretend to, to, if you feel that way, I'm not going to be able to change your mind on that issue. If that's what this court feels is necessary. I would simply point out that travelers filed this action in federal court and they chose to go this avenue for this issue. And this was the jurisdiction that Jay chose from. And it's more, and judge more mentioned that, but we're now at the appellate stage and, and uh, you know, I don't know that you say that anybody anticipated getting to this stage and we're still faced with the question of first impression. So I'm not sure that that judge Moore's rationale or your rationale and your response to the certification motion that you made below really, it kind of falls out at this stage, doesn't it? Yeah. Your honor. I'm not, I'm not going to argue with you. If you feel that this meets the standard, I don't have an argument that I would say it does not meet the standard other than it's within the discretion of the federal court and the 10th circuit to make that decision. Sue Ponte. Thank you. Thank you counsel. Maybe in fairness, uh, to miss, uh, Sandberg, do you want to take 20 seconds and just address the certification question? Yes, your honor. We requested certification to the Colorado Supreme court in the matter below judge more denied that request. We would make that same request here that we do think that while this is before your honors, and this is something you can decide interpreting Colorado state law, it would be more appropriate to be heard ultimately by the Colorado Supreme court. That was exactly 20 seconds. Very good. I think that will, uh, take care of, uh, our questions and our discussion this morning. We appreciate the arguments from both counsel. Uh, the case will be submitted and counselor excused.